Judge Wood
delivered the opinion of the court.:
The action in this case is assumpsit. It must, then, be based oil *446 an express undertaking of the defendants, or the circumstances between the parties must be such that the obligations of natural justice will raise a promise. There is no proof of any assumption to satisfy the plaintiff’s claim by the defendants in express terms. Do circumstances exist, then, from which it can be inferred? This must depend, on the broad principle, whether the sheriff is required, by law, to support an insolvent debtor, unable to support himself while in jail. It will be conceded that the sheriff was not, by the common law, bound to furnish such support. In England, debtors in jail were to be supported by private charity, or support themselves. It was no more the duty of the sheriff, without compensation, to administer to their wants than it was the duty of other individuals to do so.
If the common law, then, does not require this support to be furnished by the sheriff in such cases, without compensation from the' debtor, it remains for inquiry, whether we have any statutory provision imposing this obligation? We have been furnished with neither brief nor argument, and do not know on what ground the plaintiff’s counsel specifically rely. We suppose, however, they found their claim on section 4 of the act defining the-duties of sheriffs and coroners, which contains this provision, 440] “ That it shall be the further duty of the sheriff *of every county to take, charge of all persons committed to prison, and see-that they are safely kept and supplied with necessary sustenance, agreeable to law.” The two first sections of this act prescribe the duty of the sheriff in certain cases: that he shall preserve the public peace; cause all persons guilty of a breach thereof, “within his knowledge or view,” to enter into recognizance with sureties, and for refusal shall commit. That when persons charged with crimes shall abscond, or remove from the county in which the-crime was committed, the sheriff may apprehend a person so charged, etc. Is there any requisition in this act, which can, by any reasonable construction, compel' the sheriff to furnish support to the poor debtor without compensation from him. If there is, the liability to repay the sheriff is east upon the county; the circumstances are clearly such, that the obligations of natural justice will raise an undertaking by the commissioners, and require them to pay the plaintiff.
Let us, then, inquire whether the obligation is imposed on the *447 sheriff, without compensation from the debtor, and in this is embraced the whole ground of controversy.
It is a well-settled principle that every statute shall be construed according to its subject matter. Apply this rule to the act before us, and it only has reference to such persons as are committed on an accusation of some crime or offense, and debtors are not within its meaning. There is, also, another reason for applying to it this interpretation ; the words are, and the sheriff shall see “ they (the persons committed) are safely kept and supplied with necessary sustenance, agreeable to law.” The law provides how, and in what manner, prisoners committed for crimes and offenses shall be fed and supported by the sheriff; and, therefore, this provision is clearly referable to them in requiring the sheriff to perform that duty.
There is no statute, however, that points out either the kind or quantity of sustenance, or in what manner it shall be provided for the debtor. This section, then, can have no reference to debtors.
Suppose, however, that it includes both debtors and those charged with crimes, does it mean anything more than this: that as the debtor is confined, unable to look around him, and provide for himself from that source he would under other circumstances desire, and as from his confinement he can not even purchase his food, to provide for and prepare the sustenance *for the [441 debtor is made the duty of the sheriff, provided he furnish the sheriff with the means, but not otherwise. The legislature have made provision for the payment to the sheriff for support furnished to persons committed for violations of the criminal law. Their not having done so in the case of the debtor affords strong presumption of their intention to leave him to his own means, to private charity, or to the overseers of the poor of the township where, by the operation of law, his residence for the time being is cast; and who are authorized to afford temporary relief to transient poor, and to again seek redress where the pauper had his legal settlement. The legislature having made no provision for payment by the county for support to such debtor, is evidence that it was not believed such liability existed upon the county.
There is, however, one other provision in the statute, on which it is probable counsel may place some reliance. It is this, that the sheriff shall be allowed “for keeping and providing for a person in jail, per day twenty-five cents.” In our view, this enact *448 ment does not aid the plaintiff. It undoubtedly extends to both, debtors and those charged with crimes or offenses; and while it limits the amount the public is to pay in the one case, it prevents the sheriff from the exercise’of that inordinate extortion over the unfortunate in the other, which he might be disposed to indulge if his compensation was only limited by his avarice and not by positive legislation. No inference can be drawn, from this provision, that the county is to pay the sum allowed. It is left, in this respect, under this act, as it is in the act to which I have before alluded. The debtor, then, must furnish the means for his own support; he must subsist by charity or become a township charge. While we pronounce such to be the law* it is a cheering consideration that inability to obtain the means of sustaining life is the last evil in our community that is likely to befall even the most idle and worthless citizen for a long series of years yet to come.
Judgment for the defendant.